IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SIGNATURE ALUMINUM, INC., | ) | Case No. 09-11192 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | Objection Deadline: June 8, 2010 at 4:00 p.m. |
| | ) | Hearing Date: June 16, 2010 at Noon |
| | ) | |

## MOTION OF SIGNATURE PURCHASE HOLDING LLC FOR AN ORDER AUTHORIZING THE TRANSFER AND/OR RENEWAL OF CERTAIN ENVIRONMENTAL PERMITS

Signature Purchase Holding LLC, an affiliate of ILSCO Corporation (hereinafter, "ILSCO" or "Purchaser"), hereby moves the Court, pursuant to Section 105(a) of the Bankruptcy Code, for an order authorizing Kim K. Burke, an attorney for ILSCO, to execute on behalf of the Trustee (defined below) any and all documents necessary to effectuate the transfer and/or renewal of certain Environmental Permits (defined below), regardless of the timing of such transfer or renewal, consistent with the terms and conditions of the Asset Purchase Agreement dated as of April 21, 2010 between the Trustee and Purchaser (the "Purchase Agreement"), in order to enable Purchaser to utilize such Environmental Permits after the closing on the sale of the Purchased Assets (the "Motion").[1] In support of this Motion, ILSCO respectfully represents as follows:

### Background

1. On April 21, 2010, Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for Signature Aluminum, Inc. (the "Debtor"), filed his Motion For Sale of Property Under Section 363(b) and for Entry Of Orders Under 11 U.S.C. §§ 105(A), 363,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement, which is Exhibit A to the Bid Procedures and Sale Motion (as defined herein).

{D0181249.1 }

and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014 (I) (A) Approving Bidding Procedures, Bidding Incentives for the Stalking Horse Bidder, and Auction Procedures; (B) Approving Notice Procedures for the Solicitation of Bids, an Auction, and the Assumption and Assignment of Executory Contracts and/or Unexpired Leases; and (C) Scheduling an Auction for the Sale or Sales of All or Substantially All of Debtor's Assets; (II) Approving the Sale or Sales of All or Substantially All of the Debtor's Assets and Approving the Assumption and Assignment of Executory Contracts and/or Unexpired Leases; and (III) Granting Related Relief (Doc. No. 119) (the "Bid Procedures and Sale Motion"). Through the Bid Procedures and Sale Motion, the Trustee seeks to sell substantially all of the real and personal property of the Debtor located at 93 Werner Road, Greenville, Pennsylvania (the "Purchased Assets") as set forth in the Purchase Agreement, as amended, which was filed as Exhibit A to the Bid Procedures and Sale Motion.[2]

2. No objections were filed to the Bid Procedures and Sale Motion and, following a hearing on May 19, 2010, the Court entered an Order (A)Approving (i) Bidding Procedures, (ii) Bidding Incentives for the Stalking Horse Bidder and (iii) Auction Procedures; (B)Approving Notice Procedures for (i) the Solicitation of Bids, (ii) An Auction and (iii) the Assumption and Assignment of Executory Contracts and/or Unexpired Leases;(C) Scheduling Hearing on Approval of a Sale or Sales of all or Substantially all of Debtor's Purchased Assets; and (D) Granting Related Relief (Doc. No. 137) (the "Bid Procedures Order"). Pursuant to the Bid Procedures Order and the Purchase Agreement, ILSCO is the "stalking horse" bidder for the Purchased Assets and

---

[2] A comprehensive description of the Contemplated Transactions related to the proposed sale of the Purchased Assets is set forth in the Bid Procedures and Sale Motion and the exhibits attached thereto.

{D0181249.1 }

the Purchase Agreement is the form of bid to be used by Qualified Bidders making competing bids for the Purchased Assets.

## Jurisdiction and Venue

3. The Court has jurisdiction over this Chapter 7 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Motion, ILSCO requests entry of an order, pursuant to Section 105(a) of the Bankruptcy Code, authorizing Kim K. Burke, an attorney for ILSCO, to execute on behalf of the Trustee any and all documents necessary to effectuate the transfer and/or renewal of the Environmental Permits, regardless of the timing of such transfer or renewal, to enable and ensure timely compliance with a condition to closing on the sale of the Purchased Assets as set forth in Section 10.1(f) of the Purchase Agreement and to enable Purchaser to utilize such Environmental Permits after the closing on the sale of the Purchased Assets.

## Transfer and/or Renewal of Environmental Permits

5. Article X of the Purchase Agreement sets forth certain conditions to closing the sale of the Purchased Assets. Section 10.1(f) provides that a condition precedent to the obligation of Purchaser to close is as follows:

> The Bankruptcy Court shall have issued an Order authorizing a Person other than Seller to sign on behalf of Seller applications to transfer the following permits to Purchaser following the Closing: NPDES Permit No. PA0034916- Amendment No. 2, WQM Permit Nos. Y399415-T2 and 4383201-T2, and Public Water Supply Operation Permit No. 4307502 (collectively, the "Environmental Permits").

6. Consistent with the conditions to closing as set forth in the Court-approved Purchase Agreement, ILSCO brings this Motion. ILSCO, the Trustee and PNC Bank, National Association, successor to National City Business Credit, Inc., on its behalf an as agent on behalf of First Commonwealth Bank, as lender, and National City Bank, as letter of credit issuer (collectively, the "Lender") engaged in lengthy negotiations concerning the terms and conditions of the Purchase Agreement, including Section 10.1(f). Consequently, ILSCO does not anticipate that either the Trustee or the Lender will object to the relief requested herein.

7. Furthermore, Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The Court has previously entered the Bid Procedures Order. An order authorizing the transfer and/or renewal of the Environmental Permits as requested in this Motion is necessary and appropriate to effectuate the sale of the Purchased Assets consistent with the Purchase Agreement, which should result in the Debtor's estate receiving maximum value for the Purchased Assets.

**Conclusion**

**WHEREFORE,** ILSCO respectfully requests that the Court enter an order (i) authorizing Kim K. Burke, an attorney for ILSCO, to execute on behalf of the Trustee any and all documents necessary to effectuate the transfer and/or renewal of the Environmental Permits, regardless of the timing of such transfer or renewal, in order for the Purchaser to utilize such Environmental Permits after the closing on the sale of the

Purchased Assets, and (ii) granting to ILSCO such other and further relief as the Court deems just.

Dated: May 25, 2010

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/ Kathleen Campbell Davis*
Marla Rosoff Eskin (No. 2989)
Kathleen Campbell Davis (No. 4229)
800 N. King St., Suite 300
Wilmington, Delaware 19801
Telephone: 302-426-1900
Facsimile: 302-426-9947
kdavis@camlev.com

-and-

Tracey A. Puthoff
Paige Leigh Ellerman
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: 513-381-2838
Facsimile: 513-381-0205
ellerman@taftlaw.com

*Counsel for ILSCO*